

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-41,790-02

**EX PARTE RICARDO MARTINEZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 78814-346-2  IN THE 346TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of murder and sentenced to seventy years' imprisonment. The Eighth Court of Appeals affirmed his conviction. *Martinez v. State*, 08-99-00270-CR (Tex. App.—El Paso Oct. 20, 2000)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because  he  failed to present certain evidence at the motion for suppression hearing, failed to interview and present witnesses, failed to file a motion to suppress an identification due to coercive tactics, failed to object to the court's charge, called an accomplice witness to testify which harmed his defense, and failed to call defense

witnesses who could have testified as mitigation at the punishment hearing. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether, considering the totality of the circumstances, the common-law doctrine of laches bars equitable relief in this case. *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court shall also make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  November 24, 2021
Do not publish